IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RYAN COBB, individually and )
as child of Dianne Cobb, )
deceased; and ROMMIE COBB, as )
surviving spouse of Dianne )
Cobb, deceased, and Personal )
Representative of Dianne )
Cobb; )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV414-182
 )
GEORGIA PORTS AUTHORITY; )
CURTIS J. FOLZ; JOHN D. )
TRENT; MARINE TERMINALS )
CORPORATION-EAST, d/b/a/ )
Ports America; INTERNATIONAL )
LONGSHOREMEN'S ASSOCIATION )
LOCAL NUMBER 1414 SAVANNAH, )
GEORGIA; DONGKUK )
INTERNATIONAL, INC.; DUFERCO )
STEEL, INC.; NEW PROCESS )
STEEL, INC; PAN OCEAN )
SHIPPING CO., LTD.; ALLOCEANS )
SHIPPING CO., LTD.; JOHN DOE )
CORPORATION #1; JOHN DOE )
CORPORATION #2; JOHN DOE )
CORPORATION #3; JOHN DOE )
CORPORATION #4; and MARION )
WILLIAMS; )
 )
    Defendants. )
 )

## **O R D E R**

Before the Court are Plaintiffs' Motion to Remand (Doc. 10) and Defendant Georgia Ports Authority's Motion to Remand (Doc. 14). Defendant International Longshoremen's Association Local Number 1414 Savannah, Georgia ("ILA") has responded in

opposition to Plaintiffs' motion. (Doc. 15.) No party has objected to Defendant Georgia Ports Authority's ("GPA") motion. For the reasons that follow, Defendant GPA's Motion to Remand (Doc. 14) is **GRANTED**. Plaintiffs' claims against Defendant GPA, as well as all claims against defendants other than Defendant ILA, are hereby **SEVERED** from this case and **REMANDED** to the State Court of Chatham County, Georgia. However, Plaintiffs' Motion to Remand (Doc. 10) is **DENIED**. As a result, Plaintiffs' claims against Defendant ILA will remain in this Court for further proceedings.

## BACKGROUND

This case stems from a workplace accident at the Port of Savannah that resulted in the death of Dianne Cobb. On March 28, 2012, Dianne Cobb was struck and killed by a forklift operated by Marion Williams.[1] (Doc. 1, Attach. 1 at 5.) Plaintiff Ryan Cobb, Dianne Cobb's son, witnessed the incident. Id. Plaintiffs filed separate actions—alleging identical facts and involving identical parties—that were both eventually removed to this Court on August 22, 2014. (Doc. 1; CV414-183, Doc. 1.) On November 25, 2014, this Court consolidated both actions into this case. (Doc. 22.) The parties' motions to remand followed.

---

[1] Marion Williams was originally a codefendant in this case, but has since been voluntarily dismissed. (Doc. 1 at 3.)

2

**ANALYSIS**

In general terms, federal courts are courts of limited jurisdiction: they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases removed from state court, the defendant normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is improper, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

With regard to Plaintiff's Motion to Remand, Defendant ILA bears the burden of proving that federal jurisdiction exists because it removed this case to federal court. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In support of removal, Defendant ILA notes that Plaintiffs referenced the collective bargaining agreement made between Defendant ILA and the Georgia Stevedore Association in response to Defendant ILA's interrogatories as to what documents Plaintiffs allege "tend to show liability and/or fault for the injuries complained of on the part of Defendant [ILA.]" (Doc. 1

3

at 2.) According to Defendant ILA, Plaintiff's reliance on this agreement implicates Section 301(a) of the Labor Management Relations Act ("LMRA"), which provides federal preemption to claims involving analysis of collective bargaining agreements. 29 U.S.C. § 185(a).

In their Motion to Remand, Plaintiffs insist that their claims do not arise pursuant to any collective bargaining agreement, but that they disclosed the agreement during discovery merely because Plaintiffs potentially may use or refer to the document in "pursuit of the underlying action against Defendant ILA." (Doc. 10 at 2.) Plaintiffs admit that the agreements are "relevant" to this case, but fail to offer any further explanation. (Id.) Plaintiffs also argue that Defendant ILA has not met its pleading requirement to remove this case because the notice of removal does not address exactly how Plaintiffs' claims are preempted by the LMRA. (Id. at 5.) Finally, Plaintiffs alternatively argue that removal is untimely because Defendant ILA was aware of the collective bargaining agreement and its relevant terms prior to Plaintiffs' disclosure of the document. Id.

In response, Defendant ILA reasserts its position that Plaintiffs' reference of the agreement establishes that their state tort claims will ultimately require an interpretation of the agreement's terms. (Doc. 15 at 4.) As a result, the LMRA's

4

preemption power—and thus, this Court's jurisdiction—is properly invoked in this case. Furthermore, Defendant ILA responds that removal was timely as it removed this case within thirty days of receiving Plaintiffs' responses that referenced the agreements. (Id. at 9.)

Quite simply, the Court finds Plaintiffs' arguments confusing and unpersuasive. Admittedly, proper jurisdictional analysis of Plaintiffs' claims is complicated due to Plaintiff's largely conclusory pleading and their failure to illustrate the precise nature of their claims. For instance, it is difficult to ascertain from the complaint the grounds upon which Plaintiffs believe Defendant ILA owed any duty of care in this case. As a result, it is also unclear how the collective bargaining agreement at issue in this case could be "relevant" to demonstrating Defendant ILA's liability, yet not a basis for Plaintiffs' cause of action. Regardless, the Supreme Court has held that "[s]ection 301 governs claims founded directly on rights created by collective-bargaining agreements and claims substantially dependent on analysis of such agreements." Caterpillar Inc. v. Williams, 482 U.S. 386, 387 (1987). While the extent to which Plaintiffs claims rely on the agreement remains uncertain, it is highly likely that this case will require more than a passing reference to the document.

Accordingly, the Court's continued exercise of jurisdiction over Plaintiff's claims is appropriate.

With regard to the timeliness of Defendant ILA's removal, the Court again finds Plaintiffs' contentions wholly unpersuasive. As stated above, Plaintiffs' complaint provides little enlightenment of the alleged basis for Defendant ILA's liability. As a result, the Court finds no fault in Defendant ILA's inability to ascertain whether Plaintiff's claims arose under federal law until Plaintiffs' responses implicated the collective bargaining agreement. Accordingly, Defendant ILA timely removed this case because it filed its notice of removal within thirty days of receiving Plaintiffs' response implicating the collective bargaining agreement. See 28 U.S.C. § 1446(b)(3) (notice of removal may be filed within thirty days of defendant's receipt of document indicating that case is or has become removable).

The Court now directs its attention to Defendant GPA's Motion to Remand. (Doc. 14.) In that motion, GPA correctly asserts that it is immune from suit in this Court pursuant to the Eleventh Amendment. Misener Marine Constr., Inc. vs. Norfolk Dredging Co., 2008 WL 2278132, at *2 (S.D. Ga. March 28, 2008). For this reason alone, Defendant GPA's motion should be granted. However, Defendant GPA also points out that it has not consented to removal as required by U.S.C. § 1446(b)(2)(A). In such cases,

the Court "shall sever from the action all claims [not falling under federal jurisdiction] and shall remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2).

While Defendant GPA is the only defendant to have moved to remand the claims against it to state court, no defendant other than Defendant ILA has explicitly consented to the removal of this action. The notice of removal references only Plaintiffs' claims against Defendant ILA and asserts that the other defendants' consent to removal is unnecessary as Plaintiffs' claims against Defendant ILA are independent and separate from those brought against the other defendants. (Doc. 1 at 3.) As a result, Defendant ILA goes on to state in its response that Plaintiffs' claims against the other defendants should be severed from this action and remanded to state court. (Doc. 15 at 13.) No party has filed an objection or otherwise opposed Defendant ILA's position. Furthermore, the Court can discern no likelihood that Plaintiffs' claims against the other defendants would involve analysis of the collective bargaining agreement or potentially implicate any other trigger for federal jurisdiction. Accordingly, the Court finds that all claims against defendants apart from Defendant ILA must be severed from this case and remanded to state court for further proceedings.

## CONCLUSION

For the reasons stated above, Defendant GPA's Motion to Remand (Doc. 14) is **GRANTED**. Plaintiffs' claims against Defendant GPA, as well as all claims against defendants other than Defendant ILA, are hereby **SEVERED** from this case and **REMANDED** to the State Court of Chatham County, Georgia. However, Plaintiffs' Motion to Remand (Doc. 10) is **DENIED**. As a result, Plaintiffs' claims against Defendant ILA will remain in this Court for further proceedings.

SO ORDERED this 21st day of August 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA