IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION



RYAN COBB, individually and )
as child of Dianne Cobb, )
deceased; and ROMMIE COBB, as )
surviving spouse of Dianne )
Cobb, deceased, and Personal )
Representative of Dianne )
Cobb; )
 )
    Plaintiffs, )
 )
v. )  CASE NO. CV414-182
 )
INTERNATIONAL LONGSHOREMEN'S )
ASSOCIATION LOCAL NUMBER 1414 )
SAVANNAH, GEORGIA )
 )
    Defendant. )
 )

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 24), to which Plaintiffs have filed a response (Doc. 27). For the reasons that follow, Defendant's motion is **GRANTED** and Plaintiffs' claims against Defendant are hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case stems from a workplace accident at the Port of Savannah that resulted in the death of Dianne Cobb.[1] Defendant is the collective bargaining entity for longshoremen at the Port of

---

[1] For the purposes of Defendant's motions to dismiss, Plaintiffs' allegations set forth in their complaint will be taken as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

Savannah ("Port"). (Doc. 42, Attach. 1 at 2.) As the collective bargaining representative for longshoremen, Defendant entered into a collective bargaining agreement (the "CBA") with a group of Port employers known as the Georgia Stevedore Association. (Id., Attach. 1 at 3.) It was the purpose of the CBA to ensure that no unfair labor hiring practices occurred when employers in the Georgia Stevedore Association hired Defendant's union members. Id. Mrs. Cobb was a member of a different union for clerks and checkers at the Port called the International Longshoremen's Association Local Number 1475. (Id., Attach. 1 at 2.)

On March 28, 2012, a Port employer named MTC East hired Marion Williams—a union member of Defendant—through the hiring hall operated by Defendant. (Id., Attach. 1 at 3.) Marion Williams was hired to operate a forklift for the unloading of a vessel docked at the Port. Id. While in MTC East's employ, Marion Williams inadvertently struck Mrs. Cobb with his forklift, killing her. Id. Plaintiff Ryan Cobb, Dianne Cobb's son, witnessed the incident. Id.

Plaintiff Rommie Cobb, Mrs. Cobb's husband, and Plaintiff Ryan Cobb each filed separate actions—alleging identical facts and involving identical parties—that were both eventually removed to this Court on August 22, 2014. (Doc. 1; CV414-183, Doc. 1.) Thereafter, this Court consolidated both actions into

2

this case. (Doc. 22.) On September 24, 2014, Plaintiffs moved to remand this case to state court, arguing that they asserted only state-law tort claims against Defendant. (Doc. 14.) However, the Court denied Plaintiffs' Motion to Remand, finding that Plaintiffs' state law tort claims were preempted by 29 U.S.C. § 185(a), which provides federal preemption to claims involving analysis of collective bargaining agreements. (Doc. 30.) The Court now addresses Defendant's Motion to Dismiss.

**ANALYSIS**

I. MOTION TO DISMISS STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal v.

3

Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. PLAINTIFFS' CLAIMS UNDER THE CBA

In their complaint, Plaintiffs bring state-law tort claims against Defendant for negligence, negligent entrustment, and negligent infliction of emotional distress. Each of these claims is premised on Plaintiffs' assertion that Defendant breached its "duty to exercise ordinary care in the presentation of laborers" when it referred Mr. Williams to work for MTC East. (Doc. 1, Attach. 1 at 19.) However, Plaintiffs have offered nothing to suggest Defendants have such a duty. To the contrary, Georgia law actually ascribes the duty to ensure workplace safety by statute to employers, not labor unions. See O.C.G.A. § 34-2-10(a) ("Every employer shall furnish employment which shall be

4

reasonably safe for the employees therein."); Clarke v. Laborers' Int'l Union of N. Am., AFL-CIO, 916 F.2d 1539, 1542 (11th Cir. 1990) ("Unquestionably, the common law duty to provide a safe workplace falls on the employer, not on a labor union.").

In an effort to save their claims, Plaintiffs assert that while no common law duties apply to Defendant, Defendant nonetheless assumed a duty to provide a safe workplace under the terms of the CBA. (Doc. 27, Attach. 1 at 4.) This argument, however, must fail. In the types of claims made by the Plaintiffs "it is well established that § 301 [of the Labor Management Relations Act] governs, and, hence, preempts claims that are either founded directly on rights created by a collective bargaining agreement or substantially dependent upon an analysis of a collective bargaining agreement." Darden v. U.S. Steel Corp., 830 F.2d 1116, 1119 (1987). Put another way, if a state tort claim relies on the violation of a duty created solely by a collective bargaining agreement, and which does not exist absent that agreement, the state tort claim is preempted by § 301. Atwater v. Nat'l Football League Players Ass'n, 626 F.3d 1170, 1174 (2010). Accordingly, Plaintiffs' claims of negligence, negligent entrustment, and negligent infliction of emotional distress hinge on whatever duties the CBA assigns to Defendant as they relate to Plaintiffs. See Int'l Bhd. of Elec.

Workers, AFL-CIO v. Hechler, 481 U.S. 851, 862 (1987) ("In order to determine [a defendant's] tort liability . . . a court would have to ascertain, first, whether the collective-bargaining agreement in fact placed an implied duty of care on [the defendant] to ensure that [the plaintiff] was provided a safe workplace, and, second, the nature and scope of that duty, that is, whether, and to what extent, the [defendant's] duty extended to the particular responsibilities alleged [in the] complaint.").

Here, Plaintiffs allege in their response that the CBA created an express duty upon Defendant to provide a safe workplace. In support of this contention, Plaintiffs point out that the CBA includes the following provision under the heading, "Container Operations General Safety Rules": "Permit only those persons considered by the employer by reason of training or experience and who understand the signs, notices and operating instructions to operate any powered equipment." (Doc. 24, Attach. 2 at 61.) However, the Court fails to see how this bizarrely-worded provision could establish the duty Plaintiff alleges.

First, the provision is listed in general safety rules, and Plaintiff has failed to point to any language in this or any other section of the CBA indicating that the provisions listed

6

are intended to ascribe affirmative duties to Defendant.[2] Second, the operative language of the provision requires, at most, that union members operating power equipment must be "considered by the employer by reason of training or experience" and "understand the signs, notices and operating instructions." Id. There is no mention of competence or ability in this section. Finally, the Court finds it readily apparent that to the extent the provision creates a duty in any party, that duty clearly belongs to the employers and not Defendant. (Id., Attach. 2 at 61 ("[O]nly those persons considered by the employer . . . [may] operate any powered equipment.") (emphasis added).) Quite simply, because the Court finds that no interpretation of the CBA imparts upon the Defendant an express duty to ensure the competence of the forklift operators, Plaintiffs' claims necessarily fail. Ryan v. Int'l Union of Operating Eng'rs, Local 675, 794 F.2d 641, 642 (11th Cir. 1986) ("The absence of any legal duty owed to the employee to refer only competent people, or to supervise them once on the job, is obviously fatal to the supposed existence of a like duty to any third-party

---

[2] Other provisions in the CBA do appear to ascribe certain duties to the parties. For instance, a provision stating "[t]he employer shall direct employees to stay clear of the area beneath a suspended container" also appears in the previously mentioned general safety rules subsection. (Doc. 24, Attach. 2 at 61.)

7

beneficiary."). Accordingly, Defendant's motion to dismiss must be granted.

## CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED** and Plaintiffs' claims against Defendant are hereby **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 21ST day of September 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA